# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK E. L.,[1] <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, <br> Commissioner of Social Security, <br><br> Defendant. | Case No. 5:19-cv-01310-AFM <br><br> **MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER** |

Plaintiff filed this action seeking review of the Commissioner's final decision denying his applications for disability insurance benefits and supplemental security income. In accordance with the Court's case management order, the parties have filed memorandum briefs addressing the merits of the disputed issues. The matter is now ready for decision.

## BACKGROUND

In October and November 2015, Plaintiff applied for disability insurance benefits and supplemental security income. In both applications, Plaintiff alleged

---

[1] Plaintiff's name has been partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

disability beginning October 4, 2013. Plaintiff's applications were denied initially and upon reconsideration. (Administrative Record ["AR"] 76-95, 98-117, 221-240.) A hearing took place on June 14, 2018 before an Administrative Law Judge ("ALJ"). After confirming that he desired to do so, Plaintiff proceeded without representation. Plaintiff, a medical expert, and a vocational expert ("VE") all testified at the hearing. (AR 43-58.)

In a decision dated July 26, 2018, the ALJ found that Plaintiff suffered from the following severe impairments: diabetes mellitus with retinopathy, with injections, and with cataract surgery bilaterally; status post mitral valve replacement; chronic kidney disease stage 3; chronic back pain; and obesity. (AR 14.) After concluding that Plaintiff did not have an impairment or combination of impairments that met or equaled a Listed Impairment, the ALJ assessed Plaintiff's residual functional capacity ("RFC"). Specifically, the ALJ found Plaintiff was able to perform light work with the following limitations: Plaintiff can occasionally lift and carry 20 pounds; frequently lift and carry 10 pounds; stand and walk (with normal breaks) for a total of 6 hours of an 8-hour workday; sit (with normal breaks) for a total of 6 hours of an 8-hour workday; postural limitations are all frequent; no climbing ladders, ropes, or scaffolds; no unprotected heights, moving dangerous machinery, or any job that requires driving a motor vehicle; no concentrated exposure to humidity, wetness, dust, odors, fumes, pulmonary irritants, extremes of cold and heat; limited to monocular vision, so no job requiring excellent depth perception; and no working with objects smaller than a quarter. (AR 15.) Relying on the testimony of the VE, the ALJ found that Plaintiff could not perform his past relevant work but could perform other work existing in significant numbers in the national economy. (AR 18-20.) Accordingly, the ALJ concluded that Plaintiff was not disabled. (AR 20.)

The Appeals Council subsequently denied Plaintiff's request for review (AR 1-5), rendering the ALJ's decision the final decision of the Commissioner.

**DISPUTED ISSUE**

Whether the ALJ's decision is supported by substantial evidence and free from legal error.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

**DISCUSSION**

**I. Medical Record**

In summarizing the medical record, the ALJ began by noting that Plaintiff had been treated at Kaiser Permanente Medical Group for type 2 diabetes mellitus, proliferative diabetic retinopathy (PDR), essential hypertension, and congestive heart failure since at least November 2014. (AR 334-872.) In January 2015, Plaintiff's visual acuity was 20/50 in the right eye and counting fingers at three feet in the left eye. Treatment notes reflect that Plaintiff was status post cataract extraction in 2007, pan retinal photocoagulation (PRP) in the left eye in 2009 and 2011, PRP in the right eye in 2010, and fill-in PRP in the right eye in October and December 2015. (AR

350, 365, 649-651, 876-877.) Plaintiff was treated with intravitreal injections for recurrent macular edema in both eyes, with improvement. (AR 350-351, 366.)

In February 2015, Plaintiff was treated for shortness of breath and leg swelling. Examination revealed edema in the legs from knees to feet. Plaintiff's blood pressure was elevated, but treatment notes indicated that Plaintiff had been taking his medication once a day rather than twice a day as directed. Plaintiff was diagnosed with dyspnea, congestive heart failure, and essential hypertension. (AR 377-379, 775.) Cardiac tests revealed a diastolic murmur with a grade of 2/6. (AR 404.) Plaintiff was diagnosed with severe mitral valve stenosis. (AR 388-390, 775-779.)

In March 2015, Plaintiff underwent mitral valve replacement. (AR 460, 488, 820.) Plaintiff's shortness of breath and edema improved significantly after his cardiac surgery. (AR 820.) In April 2015, Plaintiff reported doing better. He indicated that he was able to walk four to five times a day without any discomfort and denied shortness of breath or other symptoms. (AR 460, 820, 859.) Similarly, in May 2015, Plaintiff reported feeling better and had no chest pain or shortness of breath. Plaintiff's fatigue also was improving. (AR 523.) By June 2015, Plaintiff was walking two to three hours a day. (AR 546.) Subsequent examinations revealed normal cardiovascular findings. (AR 548 (June 2015), 567 (July 2015), 899-900 (January 2016), 910 (February 2016), 932 (April 2016), 1208-1209 (July 2016), 1677-1678, 1788-1789 (November 2016).) An echocardiogram performed in December 2016 revealed that Plaintiff's heart function and prosthetic mitral valve were stable. (AR 1872.)

In June 2015, Plaintiff complained of right hip pain. He was diagnosed with right hip bursitis. (AR 545-548.) In September 2015, thoracic spine x-rays revealed mild to moderate degenerative joint disease. Lumbar spine x-rays showed mild degenerative joint disease at L1-L2 and minimal disease at other levels. (AR 609-610.) Plaintiff was prescribed pain medication and advised to do stretching exercises. (AR 611-612.) In February 2016, Plaintiff reported that his back pain was improving,

and treatment notes indicate that it was controlled with prescribed medications. (AR 910.)

The ALJ observed that once Plaintiff began taking his medications as directed, his hypertension and chronic kidney disease stabilized. His hypertension and diabetes were noted as well controlled. (AR 488-489, 931-933, 942, 1093-1096, 1205-1206.)

The ALJ also noted that Plaintiff suffered from foot ulcers, but progress notes showed that the ulcers healed with medication. (AR 1092, 1164, 1209, 1220.)

In 2015 and 2016, Plaintiff reported exercising 540 to 840 minutes per week at a moderate to strenuous level. (AR 660, 930.) In October 2016, Plaintiff reported walking three to five miles a day. (AR 1447.) In November 2016, he was exercising 120 minutes per day, five days a week at a moderate to strenuous level. (AR 1785.) In July 2017, Plaintiff was exercising 120 minutes per day, seven days a week at moderate to strenuous level. (AR 2636.)

The ALJ discussed the testimony of medical expert Patrick G. McCaffery, M.D. Dr. McCaffery had reviewed the medical evidence from November 2014 to April 19, 2018. He opined that Plaintiff did not meet or equal a visual listing because the right eye is better than 20/200. (AR 47-48.) According to Dr. McCaffery, Plaintiff would be able to see objects larger than a quarter or an inch. Because Plaintiff appeared to be monocular, he would lack the fine depth perception necessary for assembling small parts. In addition, as a result of his visual impairments, he should not work at unprotected heights, on ladders or scaffolding, and should not operate machinery. (AR 48.)

The ALJ also discussed the opinions of State agency medical consultants, both of whom opined that Plaintiff was able to perform a range of light exertional work with postural, environmental, and visual limitations. (AR 18, citing AR 80-82, 90-92, 103-105, 113-115.)

In assessing Plaintiff's RFC, the ALJ gave significant weight to Dr. McCaffery's opinion. He noted that Dr. McCaffery was a Board-certified

ophthalmologist, had reviewed the treatment records, understood Social Security disability requirements, and his opinions were well reasoned and consistent with the record as a whole. (AR 18.) He also found the opinions of the State agency physicians to be consistent with other evidence and gave them significant weight. (AR 18.)

**II. Analysis**

Plaintiff contends that the ALJ's decision is not supported by substantial evidence. According to Plaintiff, the 3,450 pages of medical records contain "everything needed to prove my severe impairments and why I'm unable to work." (ECF No. 17 at 2.) He argues that the ALJ's decision fails to "take into consideration my 3450 pages of records supporting severe impairments." (ECF No. 17 at 3.) Plaintiff's conclusory argument lacks factual support. As set forth above, the ALJ's decision reflects that he considered the medical records. Plaintiff does not identify any specific relevant medical evidence that the ALJ failed to consider.[2] Essentially, Plaintiff's argument amounts to a disagreement as to how the evidence should be interpreted. However, so long as the ALJ's interpretation of the record is rational and supported by substantial evidence, which it is here, the Court may not disturb it. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) ("[I]f evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld.").

Next, Plaintiff points out that he is unable to drive at night and consequently is precluded from performing delivery jobs. (ECF No. 17 at 2.) The ALJ, however, adopted Plaintiff's limitation, incorporating a restriction against driving in his RFC. (*See* AR 15.) The fact that Plaintiff cannot perform work that requires driving merely precludes him from performing certain occupations. While this includes his past

---

[2] The Court notes that the voluminous nature of the record is due, in significant part, to the fact that nearly all of the records from Kaiser Permanente include duplicate or redundant pages as well as blank pages or pages that contain no relevant information, but simply indicate "End of Encounter." *See e.g.*, 906-907, 928-929, 1017, 1018, 1021, 1023, 1031, 1033, 1045-1048, 1053, 1058-1061, 1070-1072, 1074-1075, 1078-1080, 1844-1846, 1851-1853, 2773-2775.) For example, as a result of duplication and blank pages, records of an email Plaintiff sent to his provider regarding a prescription consume nearly 20 pages of the record (AR 1073-1091) and a single office visit on June 6, 2016 consumes 38 (AR 1092-1130).

relevant work, it does not preclude him from performing other work so long as that work is consistent with his RFC. As discussed below, the VE identified such work.

Next, Plaintiff argues that the ALJ contradicted himself "by saying I do not have any impairment or combination of impairments." (ECF No. 17 at 2.) The basis for Plaintiff's argument is not clear. There is no contradiction between finding Plaintiff suffered from severe impairments and concluding that those impairments do not meet or equal a Listing.

To the extent that Plaintiff seeks to challenge the ALJ's conclusion that he does not meet or equal a Listing, such a challenge lacks merit. Plaintiff bears the burden of showing that he has an impairment that meets or equals the criteria of a listed impairment. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005). To "meet" a listed impairment, a claimant must establish that his condition satisfies each element of the listed impairment in question. *See Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). To "equal" a listed impairment, a claimant "must establish symptoms, signs, and laboratory findings" at least equal in severity and duration to all of the criteria for the most similar listed impairment. *Tackett*, 180 F.3d at 1099-1100 (quoting 20 C.F.R. § 404.1526).

Other than a conclusory assertion, Plaintiff does not explain how his impairments meet or equal a listed impairment. In particular, Plaintiff neither identifies a Listing he believes his impairment(s) meet or equal nor points to any medical evidence or physician's opinion that undermines the ALJ's conclusion. Indeed, it appears that the only relevant evidence is the testimony of Dr. McCaffery, whose opinion supports the ALJ's conclusion that Plaintiff's impairments do not meet or equal a Listing.

Plaintiff next alleges that the ALJ's decision erroneously states that Plaintiff exercises and walks. According to Plaintiff, he does not "do both," he only walks. (ECF No. 17 at 2.) Plaintiff's allegation does not warrant reversal of the disability determination. To begin with, the record supports the ALJ's statement. That is,

Plaintiff's treatment notes explicitly state that Plaintiff "exercises" for various lengths of time. (*See*, *e.g.*, AR 660, 930, 1785.) In any event, Plaintiff fails to show how this alleged error affected the ALJ's disability determination. An ALJ's decision will not be reversed based upon an error that is harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1111, 1122 (9th Cir. 2012) (explaining that "we may not reverse an ALJ's decision on account of an error that is harmless," and stating that error is harmless when it is "inconsequential to the ultimate nondisability determination") (citation omitted).

Plaintiff argues that the ALJ failed to consider the combination of his severe impairments when posing the hypothetical to the VE. (ECF No. 17 at 2-3.) Contrary to Plaintiff's contention, the ALJ included numerous limitations stemming from Plaintiff's multiple impairments, including, for example, restrictions on his ability to work with small objects; perform work requiring depth perception; drive; lift and carry; climb ladders, ropes, and scaffolds; work with dangerous machinery; and work involving exposure to humidity, wetness, dust, odors, fumes, pulmonary irritants, and extreme cold or heat. Indeed, as a result of the foregoing significant restrictions, the ALJ concluded that Plaintiff was unable to perform his past relevant work. Plaintiff fails to identify any additional limitation that the ALJ failed to consider or incorporate.

Finally, Plaintiff complains that he worked at his driver/delivery job for 27 years and it is "all I know and have no transfer skills for other jobs." (ECF No. 17 at 3.) The VE testified that an individual with the RFC set out by the ALJ could perform jobs existing in significant numbers in the national economy – namely, bench assembler and packer. (AR 55-56.) As Respondent correctly points out, the jobs identified by the VE are unskilled, which means transferable skills are not required. *See* 20 C.F.R. §§ 404.1568(a), 416.968(a) ("unskilled work" is defined as "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time"). The issue of transferability was not relevant. *See* SSR 82–

41, 1982 WL 31389, at *1 ("[I]f it is determined that there are no transferable skills, a finding of 'not disabled' may be based on the ability to do unskilled work."). The VE's testimony constitutes substantial evidence supporting the ALJ's finding that Plaintiff could perform work existing in significant numbers in the national economy. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005); *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2001);

## ORDER

IT IS THEREFORE ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: 3/4/2020

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE